## No. 14,048.

JOHN W. COMER vs. ILLINOIS CAR AND EQUIPMENT COMPANY.

### SYLLABUS.

1. Where a claim is made for a balance said to be due for services rendered under a contract, and the plaintiff alleges that an account had been rendered and the balance thereby shown to be due had been accepted, but, under duress, his failure to offer proof of the duress alleged, especially where the defendant proves, by uncontradicted testimony, that there was none, leaves the settlement thus effected unimpeached, and the plaintiff is concluded as to everything embraced therein.

2. A having agreed to pay B one-half of the net profit, as shown by A's statement of the cost, on work solicited by B, the latter is entitled to nothing in a case where the former is compelled to sue on a claim for work done and, by advice of counsel, compromises the claim at a loss, the presumption, in the absence of proof to the contrary, being, that more was recovered in that way than would have been recovered by going on with the litigation.

APPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Branch K. Miller,* for plaintiff, appellant.

*Howe, Spencer & Cocke,* for defendant, appellee.

The opinion of the court was delivered by

MONROE, J.   The plaintiff, as transferree of R. H. Cobb, sues the defendant for a balance alleged to be due for services rendered under the contract expressed in the following communication, which, being signed by the defendant's general manager, was delivered to, and accepted by, Cobb, to-wit:

"ANNISTON, Ala., February 18, 1898.

*"R. H. Cobb,* Anniston Ala.:

"Dear Sir:—Referring to our conversation this morning, we would be pleased to make you the following proposition on any business that you might obtain in the sugar district, such as cane cars, castings, forgings, etc. We will be pleased to pay you one-half of our net profits, as shown by our statement of cost, this contract to be in effect for one year, but can be terminated by either party giving thirty days' notice to the other. Yours very truly,

(Signed)   "J. M. MARIS,

"*General Manager.*"

Plaintiff alleges that this contract meant that the defendant was to furnish, in advance, statements of the cost of work solicited by Cobb, that Cobb was to obtain orders predicated thereon, and that the difference between the cost so stated, or estimated, and the price realized for the work was to be considered the net profit, of which Cobb was to receive one-half. And he claims the balance sued for upon that basis. He further alleges that an account was rendered to Cobb by the defendant showing a smaller balance than is here claimed and predicated upon the theory that the contract meant that the net profit to be divided was the difference between the actual and ultimate cost of the work solicited by Cobb, as executed and delivered, and the price realized therefor by the defendant, and that Cobb signed a receipt for the balance as shown by said statement on account, but that he objected and protested and signed under duress and because the defendant declined, otherwise, to pay any part of the amount due. The defendant admits the contract and alleges that Cobb's compensation was to be one-half of the price received for work solicited by him, after deduct-

ing the *actual cost, as shown by its statements;* that an account was rendered and stated to said Cobb, which, upon the basis mentioned, showed a balance due him of $436.97; that said account was accepted and agreed to, and that the balance so shown to be due was paid to, and voluntarily accepted by, Cobb; and that he gave his receipt in full and in acquittance therefor and is estopped to deny the same or to assert that his compensation was to be fixed upon another basis.

It is admitted by both sides that certain work, solicited by Cobb and executed by defendant for Haubtman & Loeb was not included in the statement above mentioned, and it is shown that a suit had been brought by defendant to recover the price of said work and that the claim has been compromised, pending this litigation, with the result that the defendant sustained a loss.

R. H. Cobb was the only witness examined on behalf of the plaintiff, but he gave no testimony as to the circumstances under which he accepted the account and signed the receipt presented to him, and the allegations in the petition that he objected and protested and signed under duress, etc., are absolutely unsupported by proof. On the other hand, the statement of account and receipt in question were offered on behalf of the defendant, and its general superintendent testified, without contradiction, that they were prepared in the presence of Cobb and were delivered to, and retained by, him for several days, after which, voluntarily and without duress of any kind, he signed the receipt as in full of the balance shown to be due, his only statement or objection, made before signing, being that the actual cost of the work as shown by the statement was excessive.

It is not even alleged that Cobb did not understand the basis of the settlement to which he agreed, the substantial statement of the plaintiff's petition being, that he knew that he was making the settlement in accordance with the interpretation of the contract which the defendant here sets up, and that he settled upon that basis under duress. But, as no proof was offered in support of the allegation of duress, the statement stands unimpeached and the plaintiff is concluded as to all that is embraced therein. Flower vs. Millaudon, 19 La. 189; Green vs. Glasscock, 9 R. 119; James vs. Fellows & Co., 20 Ann. 118, 119; Pickens, Administrator, vs. Friend, 26 Ann. 585; Brodnax vs. Steinhardt, 48 Ann. 682; Chappedelaine vs. Denechaux, 4 Cranch. 306; Am. & Eng. Ency. of Law (2nd Ed.), Vol. 1, p. 460 *et seq.*

Beyond this, it appears that the defendant was compelled to sue on its claim for the work done for Haubtman & Loeb and that, as the suit was pending at the date of the settlement with Cobb, the Haubtman & Loeb matter was excluded from the settlement. It was not, however, excluded because it was to be settled on any other basis than the matters which were included, but because it was impossible, at that time, to determine whether, upon the basis agreed on, or upon any other basis, it would yield a profit. It further appears that, whilst the instant action was pending, the suit against Haubtman & Loeb, by advice of counsel, was compromised at a loss, exclusive of attorney's fees paid by the defendant. There is nothing in this record to prove that the defendant failed to prosecute the claim to the utmost of its ability, and from the fact that the compromise was effected by the advice of its counsel, it is fair to assume that it recovered more in that way than it would have done by going on with the litigation. Nevertheless, there was no net profit, but a loss, and the plaintiff does not ask that the latter should be divided. There is no error in the judgment appealed from, and it is affirmed.

Rehearing refused.